**OLO U. MISILAGI LETULI, Claimant,**

**v.**

**PILI POPO LETULI, ENI F.H. FALEOMAVAEGA, MITIOMAAUGA SALAVE'A, FONOTI TAFAIFA, and IOSEFO KAPELI IULI, Counterclaimants.**

[In re Matai Title LETULI of the Village of Ili`ili]

High Court of American Samoa
Land and Titles Division

MT No. 11-98

March 27, 2000

■■■■■■

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For Claimant Olo U. Misilagi Letuli, Afoa L. Su'esu'e Lutu
For Counterclaimant Phi Popo Letuli, Salanoa Aumoeualogo Soli
For Counterclaimant Eni F.H. Faleomavaega, Tauivi Tuinei
For Counterclaimant Mitiomaauga Salave'a, *Pro Se*
For Counterclaimant Fonoti Tafaifa, Asaua Fulmaono
For Counterclaimant Iosefo Kapeli Iuli, Isa-Lei Iuli

### AMENDED ORDER RETURNING SELECTION PROCESS TO FAMILY TO HOLD ONE OR MORE MEANINGFUL FAMILY MEETINGS TO SELECT THE SUCCESSOR MATAI

On December 30, 1997, claimant Olo B. Misilagi Letuli ("Olo") filed with the Territorial Registrar his claim to succeed to the vacant matai title "Letuli" of the Village of Ili'ili. The claim was noticed and attracted seven timely counterclaims. One of the counterclaimants, Ufuti Fa'afetai Ieremia, dropped out by failing to file the questionnaire required in matai title cases. Another counterclaimant, Fugaipaorio V. Tagaloa, withdrew before trial. The trial began on January 25, 2000 and concluded on February 3, 2000. The remaining six candidates and all counsel were present throughout the trial.

## A. Meaningful Family Meetings

 One prerequisite to filing a claim to succeed to a vacant matai title is that a family meeting was called and held for the purpose of selecting the successor, according to the traditions of the family. A.S.C.A. § 1.0406(b). The criteria for judicial determination of a matai controversy includes the wish of the majority or plurality of the customary clans of the family. A.S.C.A. § 1.0409(c)(2). Both statutory requirements respect the common Samoan custom of choosing a matai by a consensus of the participants at a meeting of the family. *See In re Matai Title "Taliaaueafe"*, 3 A.S.R.3d 225, 227-28 (Land & Titles Div. 1999). Discussions and good faith efforts to settle disputes are integral elements of Samoan family meetings. Section 1.0406(b) contemplates that the family had a meaningful opportunity by this process "to decide for itself whether or not it can select a new titleholder" without judicial intervention. *In re Matai Title "Taliaaueafe"*, 3 A.S.R.3d at 229.

 During their testimony, each of the six candidates addressed the family meetings related to selection of the successor to the presently vacant "Letuli" title. Most of these meetings were actually gatherings of the particular candidate's immediate family, clan, or some other portion of the extended Letuli family. Only three of the meetings held can be classified as extended family meetings.

Olo was promoted for selection as the successor "Letuli" titleholder at all three of the extended family meetings. In fact, he was the only nominee. At each meeting, however, the consensus was to postpone the selection decision to a later meeting. At the first two meetings, some attendees advocated that, as a matter of respect for the recently deceased titleholder, the dignity of the title, and the importance of the selection process, a year or more should pass before the family choose the next "Letuli" titleholder. At all three meetings, some attendees also expressed concern that Olo had called each of the three meetings when that responsibility traditionally belonged to the holder of the matai title 'Timu' as the *matua* for the "Letuli" title. In addition, some of this group held to the view that the person calling the meetings could not be properly considered to be the successor titleholder.

The present holder of the "Timu" title is Timu Levale ("Timu"), who resides in Hawaii. Olo called the three meetings at least in part because Timu was absent from the Territory and because considerable time had passed without selection of the next holder of the "Letuli" title. Timu had also advised the extended family that, in his view, a two-year period was proper before the extended family select the successor to the title. Timu did not attend the first two meetings of the extended family, but he was present at the third meeting.

At the third meeting, on November 8, 1997, Timu announced his intentions of calling the extended family to meet for the selection of the successor titleholder shortly after February 6, 1998, the second anniversery of the late Letuli Toloa's death. By consensus, those assembled agreed with Timu. However, on December 30, 1997, Olo went ahead with filing his claim with the Territorial Registrar for registration of the title in his name.

Considering the number and outcomes of the three meetings of the extended family, the Court finds that there has not been a meaningful family meeting to select the next holder of the "Letuli" title. Accordingly, we will refer the selection process back to the extended family for that purpose. We will also stay further proceedings in this action until the extended family has achieved that vital purpose and, after the matter has been fully and fairly discussed, has either selected or failed to select the successor titleholder.

## B. Special Collateral Matters

### 1. Ineligible Candidate

Counterclaimant Eni F.H. Faleomavaega ("Faleomavaega") filed his counterclaim on February 20, 1998. The claim was signed by only nine supporters. A.S.C.A. § 1.0407(b) clearly states that a counterclaim must be signed by no less than 25 supporters related by blood to the vacant title. An exception to this requirement is provided in § 1.0407(d) when the family does not have 25 members qualified to support the counterclaim, and Faleomavaeaga executed the standard affidavit provided by the Territorial Registrar when this circumstance applies. Although the 60-day filing deadline did not expire until March 2, 1998, Faleomavaega explained that he was mistakenly informed on February 19, 1998 that the deadline was the following day, February 20, the same day he was scheduled to depart the Territory, and he could only obtain the nine signatures in this short time span.

Much later, on October 26, 1999, Faleomavaega filed a trial brief and supplement to his questionnaire that included signatures of another 42 supporters on the standard form. However, he omitted his signature on this form, probably because he was then outside the Territory performing his duties as American Samoa's Delegate to the U.S. House of Representatives. Clearly, as shown by this filing, as well as testimony and other documentary evidence, the family has considerably more than 25 members who are qualified to support a candidate.

We do not believe that Faleomavaeaga intentionally executed an erroneous affidavit on February 20, 1998. Hurried, he likely did not pay close attention to the Territorial Registrar's explanation of the purpose of

276

the document or carefully read it. Regardless, his counterclaim did not meet the statutory support mandate in a timely manner. Thus, in the context of the present proceeding, Faleomavaega did not become an eligible candidate and cannot be considered by the Court for selection as the next "Letuli" titleholder.

The extended family can, of course, still consider Falemovaega at their next meetings when the family's decision on the successor to the "Letuli" title is fully discussed.

*2. Candidate's Demise*

On March 6, 2000, counterclaimant Iosefo Kapeli Iuli ("Iuli") passed away at an untimely age. His proponents in the extended family are now effectively deprived from having Iuli or their alternate candidate considered further by the Court in this proceeding to be the successor to the "Letuli" title. The Court will select the next "Letuli" from among the remaining candidates, if we must make that decision. Meanwhile, however, the Court is returning the selection process to the extended family for meaningful deliberations on the "Letuli" successor. Thus, Iuli's proponents now have the opportunity decide whether to support one of the remaining candidates or to propose another person for consideration during the ensuing extended family discussions.

### Order

1. The selection of the next holder of the matai title "Letuli" is returned to the extended family for decision after the family has met and meaningfully discussed the matter on one or more occasions.

2. Within 30 days after entry of this order, Timu, the *matua* of the "Letuli" title, is directed to issue or cause to be issued written notice of the first extended family meeting for the purpose of selecting the next "Letuli" titleholder. Additional meetings for this purpose should be noticed and held, as may be necessary or appropriate to accomplish the objective. Notices of the meetings shall be disseminated, by radio broadcast, newspaper publication and other appropriate means, to ensure that as many members of the family as possible are informed about the date, time and place of each meeting.

3. In the event that Timu is unable or otherwise fails to issue timely notice of the first meeting of the extended family, Olo is authorized to issue or cause to be issued the notice for this meeting and any subsequent meetings.

4. This action is stayed until the extended family meets and meaningfully discusses the selection of the successor holder of the "Letuli" title. If the

family successfully selects the successor, any of the present candidates or an appropriate intervenor may move to dismiss the action. If the family fails in the effort to select the successor, any of the present candidates may move to reinstate the proceedings. The Court will then hold an evidentiary hearing to determine if one or more meaningful meetings were held and, upon finding that such meetings were held, will proceed with selection of the successor from among the four remaining candidates.

It is so ordered.